UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JACOB MUZUMALA,

                          Plaintiff,

          -against-

CITY OF NEW YORK, ET AL.,

                          Defendants.

22-CV-8423 (LTS)

ORDER

LAURA TAYLOR SWAIN, United States District Judge:

Plaintiff filed this action *pro se*. On October 10, 2023, the Court dismissed the complaint for failure to state a claim on which relief may be granted, and entered judgment that same day. (ECF 14, 15.) On January 14, 2024, Plaintiff filed a motion, purportedly under Local Rule 6.3, for an extension of time to file a motion for reconsideration of the October 10, 2023 dismissal order. According to Plaintiff, he has been "working diligently" to file papers in two other cases he filed in this court while "managing full-time employment." (ECF 16.)

The Court construes the motion as arising under Local Rule 6.3 of the Southern District of New York, and Federal Rule of Civil Procedure 59(e). The standards governing Local Rule 6.3 and Fed. R. Civ. P. 59(e) are the same. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). A motion brought under Local Civil Rule 6.3 must, however, be filed within 14 days "after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within . . . (14) days after the entry of the judgment." *Id.* A motion to alter or amend judgment under Rule 59(e) "must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). The Court is without power to extend the time to file an untimely Rule 59(e) motion. *See* Fed. R. Civ. P. 6(b)(2) ("A court must not extend the time to act under Rules 50(b) and (d), 59(b), (d), and (e), and 60(b)."); *Lichtenberg v. Besicorp Grp. Inc.*,

204 F.3d 397, 401 (2d Cir. 2000) (stating that the time limitation under Rule 59(e) is "uncompromisable" due to Rule 6(b)); *Beverly v. N.Y.C. Health & Hosps. Corp.*, No. 18-CV-8486 (ER), 2020 WL 5750828, at *2 (S.D.N.Y. Sept. 25, 2020) (collecting cases and noting that Rule 59's deadline "cannot be waived").

The Court entered judgment on October 10, 2023, but Plaintiff did not file the motion until January 14, 2024, almost two months after the time to file a Rule 59(e) motion expired. Because Plaintiff filed this motion for an extension of time more than twenty-eight days entry of judgment, the Court must deny the motion as untimely.[1]

## CONCLUSION

Plaintiff's motion for an extension of time to file a motion for reconsideration under Rule 59(e) and Local Rule 6.3 (ECF 16) is denied as untimely.

---

[1] Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). A motion based on reasons (1), (2), or (3) must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Should Plaintiff wish to do so, he may seek reconsideration under Fed. R. Civ. P. 60(b).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   March 18, 2024
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge